SMITH, Judge (dissenting)
I agree with the majority that Minn. Stat. § 609.349 (2016) is ambiguous, but I would affirm the district court's dismissal of charges because that ambiguity is not resolved through applications of the canons of construction, and a person who is to be charged with a crime should be given advance notice of prohibited conduct.
The section 609.349 provision that excuses the actor's conduct "if the actor and complainant were adults cohabiting in an ongoing voluntary sexual relationship at the time of the alleged offense" includes a past tense verb and a time qualifier, both of which identify exactly when the cohabiting actor's conduct is excused. The provision that immediately follows, "or if the complainant is the actor's legal spouse," is written in a grammatically similar style, but includes a present-tense verb and omits a time qualifier. As the majority notes, by writing in the manner it did, the legislature could have intended to treat married couples differently than cohabiting couples. Or, the legislature could have intended to apply the same time restrictions to married and cohabiting couples but did so in awkward grammatical fashion. See Minn. Stat. § 645.17(1) (2018) (stating that the legislature "does not intend a result that is absurd, impossible of execution, or unreasonable"). Allowing the actor who is charged with criminal sexual conduct to be excused from culpability by marrying a mentally impaired complainant after the offense but before trial could also lead to a result that the legislature did not intend. See Minn. Stat. § 645.16(6) (2018) (allowing courts to consider "the consequences of a particular interpretation" in determining statutory intent). But we are directed not to "supply that which the legislature purposely omits or inadvertently overlooks." State v. Corbin , 343 N.W.2d 874, 876 (Minn. App. 1984) (quotation omitted). The majority's interpretation of the statute does not rectify the differences in the provisions-it merely "writes in" the language that the legislature omitted when drafting the legal-spouse provision. Further, due to the infirm drafting of the statute, it is unclear whether the legislature intended the legal-spouse provision to favor vulnerable adults' constitutional right to marry or to favor the statutory purpose of protecting vulnerable adults. The canons of construction do not assist us in resolving the statute's ambiguity.
The majority acknowledges the reasonableness of the interpretation of the statute proposed by respondent. Judges and lawyers struggle with the language and interpretation of the statute, yet the majority suggests that a common person not be given the benefit of a reasonable interpretation. Incompetent persons subject to guardianship have the right to marry unless it can be shown that they do not "understand[ ]the meaning, rights, and obligations of marriage." In re Guardianship of O'Brien , 847 N.W.2d 710, 715 (Minn. App. 2014). The result of the majority's *803 interpretation of the statute takes away the ability of a vulnerable adult (incompetent person) to have sexual relations prior to marriage without making their sexual partner a criminal even though the couple intends to marry. The statute seemingly intends to prevent the abuse of vulnerable adults; however, interfering with the right of a vulnerable adult to have sexual relations with a partner they intend to marry raises serious constitutional concerns as well as practical concerns. (One example of a practical concern would be when two vulnerable adults not co-habiting have sexual relations.)
Children conceived prior to marriage provide instructive guidance in this regard. The law provides that children conceived prior to marriage who are otherwise considered illegitimate receive the legal benefit of legitimacy if a couple marries prior to the child's birth. See Minn. Stat. § 257.55, subd. 1 (2018) (establishing a statutory presumption of paternity if a man and woman marry and their "child is born during the marriage"). The marriage validates the legal status of the child in the eyes of the law. The interpretation urged by the respondent legitimizes the status of a couple's sexual relationship when they marry. Despite the legislature's deficient crafting of this statute, this interpretation makes more sense than to make premarital sexual relations between two people who are in love and intend to get married a criminal act.
The canon of construction known as the rule of lenity "applies ... after the other canons of construction have been exhausted and what remains is a grievously ambiguous statute." State v. Thonesavanh , 904 N.W.2d 432, 440 (Minn. 2017). The rule "vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed." Id . Such is the case here, and for this reason I would affirm the district court's dismissal of charges against Gosewisch.